1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    RUSSEL S. GRANT,                          Case No.  2:21-cv-01241-JDP (PC)

10                    Plaintiff,               ORDER THAT THE CLERK OF COURT
                                               ASSIGN A DISTRICT JUDGE TO THIS
11          v.                                 CASE

12   LUPENI, et al.,                           SCREENING ORDER THAT PLAINTIFF:

13                    Defendants.                  (1) FILE AN AMENDED
                                                       COMPLAINT; OR
14
                                                   (2) NOTIFY THE COURT THAT HE
15                                                     WISHES TO STAND BY HIS
                                                       COMPLAINT, SUBJECT TO A
16                                                     RECOMMENDATION THAT THIS
                                                       ACTION BE DISMISSED
17
                                               ECF No. 1
18
                                               SIXTY-DAY DEADLINE
19
                                               FINDINGS AND RECOMMENDATIONS
20                                             THAT PLAINTIFF'S MOTION FOR
                                               PRELIMINARY INJUNCTION AND
21                                             TEMPORARY RESTRAINING ORDER BE
                                               DENIED
22
                                               ECF No. 2
23
                                               FOURTEEN-DAY DEADLINE TO FILE
24                                             OBJECTIONS

25

26          Plaintiff alleges various and unrelated violations of his rights by fifty-seven defendants.

27   His complaint, as articulated, cannot proceed past screening.  I will give him a chance to amend

28   his complaint before I recommend that this action be dismissed.  I will also recommend that

                                               1

1  plaintiff's motion for preliminary injunction and temporary restraining order be denied without
2  prejudice.

3  **Screening and Pleading Requirements**

4      A federal court must screen a prisoner's complaint that seeks relief against a governmental
5  entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable
6  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
7  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
8  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
10  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
11  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
12  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
13  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
14  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
15  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
16  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
17  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
18  n.2 (9th Cir. 2006) (en banc) (citations omitted).

19      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
20  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
21  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
22  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
23  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
24  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
25  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26

27

28

2

**Analysis**

Plaintiff brings this action against fifty-seven different officers at the Auburn County Jail for at least three unrelated violations of his rights.  First, he alleges that, in July 2019, he turned the wrong direction while being escorted from his cell and was subsequently beaten by "countless guards."  ECF No. 1 at 12.  Only one of the named defendants, Sergeant Shafer, is alleged to have participated in this excessive force incident.  *Id.*  Second, plaintiff alleges that, in October 2019, defendants used a "no-touch torture" device that conjures "an illusory human ghost figure" that can give a person the impression they are being touched.  *Id.* at 14.  He claims that defendants used this device to poke him and flick his genital area repeatedly.  *Id.*  The "no-touch torture" allegedly continued for months.  *Id.* at 17.  Third, he claims that, on a separate day in October 2019, defendants tampered with his food tray and caused him to consume an unknown substance that made his skin burn.  *Id.* at 15.

The foregoing claims are not related to each other and cannot proceed jointly in this action.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").  Additionally, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure, since it does not put each defendant on notice as to how they are alleged to have violated plaintiff's rights.  Plaintiff describes how his rights were violated, but never specifies how each of the fifty-plus defendants was involved.

Plaintiff may either stand by his complaint or file an amended complaint.  If he stands by his complaint, I will recommend dismissal of this action.  If he files an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

As noted above, plaintiff has also filed a motion for preliminary injunction and temporary

1  restraining order.  ECF No. 2.  In this motion he requests that an injunction and restraining order

2  be entered directing defendants to stop using "no-touch torture" against him.  In light of the

3  deficiencies in plaintiff's complaint described above, I cannot conclude that he is likely to

4  succeed on the merits.  I recommend that the motion be denied without prejudice.

5        Accordingly, it is ORDERED that:

6      1.  Within sixty days from the service of this order, plaintiff must either file an

7  Amended Complaint or advise the court he wishes stand by his current complaint.

8      2.  Failure to comply with this order may result in the dismissal of this action.

9      3.  The Clerk of Court is directed to send plaintiff a complaint form and to assign a district

10      judge to this action.

11      Further, it is RECOMMENDED that plaintiff's motion for preliminary injunction and

12  temporary restraining order, ECF No. 2, be denied without prejudice.

13      I submit these findings and recommendations to the district judge under 28 U.S.C.

14  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

15  Eastern District of California.  Within 14 days of the service of the findings and

16  recommendations, plaintiff may file written objections to the findings and recommendations with

17  the court and serve a copy on all parties.  That document should be captioned "Objections to

18  Magistrate Judge's Findings and Recommendations."  The district judge will review the findings

19  and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the

20  specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d

21  834, 839 (9th Cir. 2014).

22

23  IT IS SO ORDERED.

24
    Dated:   __July 28, 2021__               _____

25                               JEREMY D. PETERSON

26                               UNITED STATES MAGISTRATE JUDGE

27

28