UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSEL S. GRANT,<br><br>        Plaintiff,<br><br>   v.<br><br>LUPENI, *et al.*,<br><br>        Defendants. | Case No. 2:21-cv-01241-KJM-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT:<br><br>(1) PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM; AND<br><br>(2) PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED.<br><br>ECF Nos. 9 & 10<br><br>FOURTEEN-DAY DEADLINE |

     Plaintiff Russel S. Grant is a county jail inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. In his amended complaint, he alleges that dozens of officers at the Auburn County Jail violated his rights by subjecting him to "no touch torture" via a mechanism operated from the jail cell control booth. ECF No. 9 at 10. This claim, for the reasons stated below, cannot proceed, and I recommend that the amended complaint be dismissed for failure to state a viable claim. I also recommend that plaintiff's motion for preliminary injunctive relief, ECF No. 10, be denied.

**Screening Order**

**I.        Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's claims, which focus on the alleged use of a "no-touch torture mechanism" and officers with "reddish eyes," are frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). These allegations were the subject of plaintiff's initial complaint and, out of an abundance of caution, I allowed him an opportunity to amend so that he could better explain his allegations. ECF No. 7 at 3. In his amended complaint, over the course of forty-five pages, plaintiff alleges that various officers used an "illusory mechanism" to poke him in the arms, feet, and legs. ECF No. 9 at 11. He alleges that officers wore their hats low to conceal their reddish eyes. *Id.* at 14. I am satisfied that these claims are fanciful. In making this finding, I do not imply that plaintiff is dishonest; he may well believe his claims. That sincerity, however, is not enough to save his case.

I find that further leave to amend is unwarranted. This action could only proceed if plaintiff changed the fundamental nature of his claims. In rejecting the viability of the claims underlying the amended complaint, I necessarily find that plaintiff is not entitled to preliminary injunctive relief.

Accordingly, I RECOMMEND that:

1.      Plaintiff's amended complaint, ECF No. 9, be dismissed with prejudice and without leave to amend for failure to state a claim.

2.      Plaintiff's motion for temporary restraining order and preliminary injunction, ECF No. 10, be denied.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   October 28, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE